BAKER VS. HAWKINS, impleaded, etc., SAME VS. DRURY impleaded, etc.

*Pleading — demurrer for defect of parties.*

1. A complaint in foreclosure is demurrable for defect of parties defendant, which shows on its face that a person not made a party owns the equity of redemption.
2. Under the code, as under the old chancery practice, a demurrer for defect of parties defendant is bad if it does not in some suitable manner point out the persons who ought to be made defendants.

APPEALS from the Circuit Court for *Winnebago* County.

Action for the foreclosure of a mortgage executed by *James M. Hawkins* and *Abeline*, his wife, to the plaintiff. The complaint, in addition to the usual allegations in such cases, alleges that the lien of his mortgage upon all the mortgaged premises, except forty acres "in the S.E. qr.," and not within the limits of any incorporated city or village, had been cut off by a foreclosure of a prior mortgage and a sale on execution upon a prior judgment, and that said mortgagor occupied said forty acres as a homestead, from a period prior to the rendition of such judgment until he and his wife conveyed the same away to one James D. Hawkins, about ten years before the commencement of this suit. It then designated a certain forty acre piece as the homestead of *James M. Hawkins*. It does not make the grantee, James D. Hawkins, a party, nor ask any relief against him. *E. W. Drury* and others are made parties as subsequent incumbrancers.

The defendant, *James M. Hawkins*, demurred to the complaint, specifying as grounds therefor, among others, "that there is a defect of parties defendant," and "that the complaint does not state facts sufficient to constitute a cause of action."

The defendants, *Drury and others*, also put in a demurrer in the same form.

The court overruled the demurrers, giving the defendants

leave to amend or answer, and the defendant, *J. M. Hawkins*, and the defendants, *Drury and others*, separately appealed from said orders.

*G. W. Carter*, for appellant, *J. M. Hawkins:*

*D. W. C. Priest*, for appellants, *Drury and others*:

1. The wife of the mortgagor should have been made a party defendant. *Hallock v. Smith*, 4 Johns. Ch. 649; *Bigelow v. Bash*, 6 Paige, 343; 5 Paige, 343. 2. James D. Hawkins is shown by the complaint to be the owner of the equity of redemption, and is a necessary party, 16 How., 424; 7 Wis., 263; 19 Barb., 604; 23 id., 88 and 133; 20 N. Y., 412; 7 Paige, 544. 3. The objection was properly taken by demurrer. 23 Barb. 88; 16 How., Pr. 477; 9 Abb. Pr. 61. A demurrer in the language of the statute is sufficient. 16 Wis., 529. 4. The complaint is insufficient: first, in not designating the particular forty acres as to which the lien of the mortgage is not cut off; second, in not showing that the defendant, *James M. Hawkins*, occupied the designated forty acres as a homestead, or that it was used for agricultural purposes, so as to be exempt from execution. 15 Wis., 499.

*G. W. Burnell,* for respondent:

The demurrer was bad for not naming the parties omitted. The defendants must give the the plaintiff " a better writ." 2 Whit. Pr, § 169; 7 Wis., 244; 2 Abb. Pr., 347; 13 id., 412. 2. The wife of the mortgagor had parted with her interest, and was therefore not a necessary party. 14 Wis., 281; 19 id., 476 3. The demurrer cannot be sustained on the ground that *James D. Hawkins* is a necessary party, unless it appears affirmatively by the complaint that he is still living and the owner of the land. 2 Whit. Pr., § 168; 23 How. Pr., 97; 11 id., 569; 1 Hill, 476; 6 id., 135; 38 Barb., 616–623. 4. The allegation as to the forty acres left subject to the lien of the mortgage might be liable to a motion to make more definite and certain, but not to a demurrer. The fair inference from the allegations as to the forty acres subsequently designated as a homestead is,

that it is the same land left subject to such lien.   All the allegations in respect to a homestead may be rejected as surplusage, and a good cause of action remains.

DIXON, C. J.   Whether the court below was correct or not in holding, as is said in the brief of counsel, that the wife of the mortgagor was a necessary party defendant, we think it to be perfectly clear that James D. Hawkins, who appears from the allegations of the complaint to be the owner of the equity of redemption, is such a party.   And as to the other grounds of demurrer, or those not touching this point of defect of parties defendant, we are of opinion that none of them can be sustained.   And this leaves us only to consider the question of the sufficiency of the demurrer itself upon this one ground of defect of parties.   The court below held it defective and insufficient in form and substance, and therefore overruled it with leave to the defendant to amend it or to answer the complaint within twenty days.   That court held it to be defective in not pointing out or naming the persons not joined who were the necessary parties defendant.   We are of the same opinion.   The former practice in equity was well settled.   Judge Story (Eq. Pl., § 543) says:  "A demurrer for want of necessary parties must show who are the proper parties, from the facts stated in the bill, not indeed by name, for that might be impossible, but in such a manner as to point out to the plaintiff the objection to his bill, and to enable him to amend by making proper parties."   See also § 238.   And the same is the language of all the elementary writers upon the subject.   Mitford's Eq. Pl., [*180, 181]; 1 Daniell's Ch. Pl. & Pr., 584, and note 2; Cooper Eq. Pl., 187 ; Welford, do., 279 ; Edwards on Parties, 275.

In *Dias v. Bouchaud*, 10 Paige, 455, Chancellor WALWORTH, declaring his intention to adhere to the rule as originally laid down by Lord REDESDALE, says, that "in a demurrer for want of parties, the defendant must point out the necessary parties,

either by name, in reference to some statement of their names in the bill, or by their characters, as the heirs, devisees, personal representatives, assignees, creditors, etc., of some of the persons therein named or referred to." And in a note to Story, § 543, *supra*, the form of a demurrer for want of necessary parties, as found in Van Heythuysen's Eq. Drafts, 519, is given as follows: "These defendants, by protestation, etc., do demur to the said bill, and for cause of demurrer show, that it appears by the said complainants' own showing in the said bill, that J. S., therein named, is a necessary party to the said bill, inasmuch as it is therein stated, that the said testator did, in his lifetime, by certain conveyances made to the said J. S., in consideration of £———, convey to him by way of mortgage, certain estates in the said bill mentioned, for the purpose of paying the said testator's said debts and legacies; but yet the said complainant hath not made the said J. S. a party to said bill. Wherefore," etc. In the edition of the same work by Hughes, the form is given on page 629.

The code, in enacting that there may be a demurrer for defect of parties, has not abrogated this ancient and salutary rule of chancery practice. There is nothing in the language of it to indicate such intention. And accordingly we find in New York, whence the code came to us, the courts still enforcing the rule. Van Santvoord's Pl., 672, 714, and authorities cited. This is as might have been expected; and we have no doubt the decision of the circuit court was right, and should be affirmed. This is also in analogy with the former practice at law, where a plea in abatement was proper for a defect in parties defendant. The plea was required to give the plaintiff a better writ, and to point out who the parties were who ought to be joined, and to show that they were still living, unless that fact appears by the declaration. 1 Chit. Pl., 46. The demurrer now, in proper cases, is a substitute for the plea in abatement in suits at law, and hence should in every action, whether legal or equitable, point out who the proper parties are, and in other

respects comply with the substantial requisites of a plea or demurrer under the former practice.

*By the Court.*—Order affirmed.

### BAKER vs. DRURY, et al.

DIXON, C. This is an appeal by other defendants in the action of *Baker v. Hawkins* just decided, who appeared by a different attorney and put in a demurrer in the same form and for the same causes as the defendant *Hawkins*. The same order was made on their demurrer, from which they appeal, and of course the appeal presents the same questions and must be decided in the same way. The order must be affirmed.

*By the Court*—Order affirmed.