Newton vs. Marshall and husband.

# NEWTON vs. MARSHALL and husband.

*November 29 — December 16, 1884.*

*(1, 2) Mortgages: Foreclosure: Estoppel to assert claim under tax deeds:* Lis pendens *Trespass: Possession. (3) Pleading: Admission of paramount lien.*

1. K., holding a second mortgage of land, purchased the prior mortgage, borrowing a part of the purchase money from N. and causing the prior mortgage to be assigned to the latter as security for the money so borrowed. *Held* that, as to N., K. was in the position of mortgagor and could not by acquiring a tax title extinguish the mortgage interest.

2. K. obtained tax titles to the premises but made no claim thereunder hostile to the mortgage to N. N. then commenced an action to foreclose such mortgage, making K. a defendant, and filing a notice of *lis pendens.* K. then commenced an action to foreclose his second mortgage and had a receiver appointed, but subsequently conveyed the premises to M. Afterwards, in the action brought by N., K. stipulated that N. might take judgment against him for the whole amount due on the prior mortgage with a proviso that M. might redeem upon payment of the sum originally advanced by N. with interest. Judgment was entered accordingly and, the premises not having been redeemed, were sold under the judgment and purchased by N., who by a writ of assistance was put in possession, ousting a grantee of M. *Held:*

    (1) K. was estopped by his acts and the stipulation from asserting any claim under the tax titles hostile to the claim of N. under the foreclosure judgment and sale.

    (2) The grantees of K. after the filing of the notice of *lis pendens,* whether parties to the action or not, were equally bound by the judgment and sale; and, as against them, the possession obtained by N. was lawful and sufficient for the maintenance of an action of trespass.

3. An allegation in a complaint for the foreclosure of a mortgage, that a defendant has· or claims to have, by mortgage, judgment, or tax lien, some interest or lien on the premises, but that such interest or lien, if any, has accrued subsequent to the lien of the mortgage, is not an admission of any claim or lien paramount to the mortgage.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is stated in the opinion.

For the appellants there was a brief by *J. F. Ware*, attorney, and *De W. C. Priest*, of counsel, and oral argument by *Mr. Priest*.

*A. M. Blair*, for the respondent.

TAYLOR, J. This is an action by the respondent to recover damages for trespass upon real estate claimed to be owned by her. The defendants answered by a general denial, and by setting up title in *Mary W. Marshall* to the real estate upon which the plaintiff alleges the trespass was committed. The plaintiff had judgment upon a trial in the circuit court by the court without a jury. From such judgment the defendants appealed to this court.

ι, The only questions to be determined by this court upon this appeal are whether the plaintiff gave sufficient evidence of her actual possession of the real estate upon which the alleged trespass was committed, or, if she failed in that respect, whether she established her title to such real estate as against the defendants. If she gave sufficient proof in the case to show her actual possession of the premises in controversy at the time when the alleged trespasses were alleged to have been committed, then she made out her action against the defendants, such actual possession being evidence of title unless they established a title to such premises which was a better and paramount title to that of the plaintiff.

The facts of this case are not very plainly stated in the case or in the brief for the appellants, and we have been compelled to examine the record in the case for the purpose of ascertaining the real position and rights of the parties as between themselves at the time of the alleged trespasses. From such examination we find the record discloses the following facts:

In 1879, and previous thereto, the land in controversy was owned by one John R. Cole; that previous to 1879 Cole and his wife had given a mortgage thereon to a person by the

name of Sarah Hines, to secure the payment of $1,700 and interest; that previous to 1879, or in that year, Cole and wife had given a second or subsequent mortgage on the same land to C. F. Kalk, the amount of which does not appear in the record; that sometime in 1879 Kalk purchased the mortgage of Sarah Hines, apparently to protect himself as subsequent mortgagee, and for the purpose of making such purchase he borrowed $1,000 of the plaintiff in this action, and in order to secure the payment of the $1,000, with interest at ten per cent. per annum, he caused the Hines mortgage to be assigned to the plaintiff, he retaining an interest in such mortgage for the amount due thereon over and above the $1,000 and interest so secured to the plaintiff. In May, 1880, C. K. Pier took a tax deed upon the lands in question, and June 15, 1880, he quitclaimed his interest under the tax deed to C. F. Kalk. May 28, 1881, said Pier took another tax deed on the same land, and on the same day quitclaimed his interest under such last-named tax deed to C. F. Kalk.

The plaintiff commenced her action to foreclose the mortgage for $1,700, so assigned to her to secure the payment of the $1,000 and interest, in 1881, and on November 26, 1881, a *lis pendens* was duly filed in said action, and C. F. Kalk was made a party to such foreclosure action at the time of the commencement thereof. After the commencement of this action, and before judgment therein, on the 1st day of February, 1882, C. F. Kalk and wife executed a deed of the lands in question to *Charles H. Marshall*, which was recorded about that date. May 8, 1883, *Marshall* and wife executed a deed of the same lands to one Neeb, and on May 26, 1883, Neeb executed a deed of the same lands to *Mary W. Marshall*, the wife of said *Charles H.* After the deed was made by Kalk and wife to *Charles H. Marshall*, February 1, 1882, it is claimed by the plaintiff that the foreclosure action was amended, and said *Charles H. Marshall* was made a party defendant therein, and that he appeared

in said action by Edward Bragg as his attorney. This the defendant denies.

It also appears that while the plaintiff's action to foreclose the $1,700 mortgage assigned to her was pending, C. F. Kalk had also commenced an action to foreclose his subsequent mortgage on the same lands, and that in such foreclosure action he had obtained an order appointing a receiver therein of the mortgaged premises. When this action was commenced does not appear, but it sufficiently appears that such action was pending and the receiver had been appointed before C. F. Kalk and wife conveyed the land to *Charles H. Marshall*, February 1, 1882. It also appears that a stipulation was made and filed in the plaintiff's foreclosure action, of which the following is a copy:

"In Circuit Court, Fond du Lac County.

"*Semira P. Newton vs. John R. Cole, Adelaide Cole, C. F. Kalk, Maria Kalk, Columbus Smith, and C. H. Marshall.*

"It is hereby stipulated that the defendant C. F. Kalk withdraw that portion of his counterclaim in the above action which sets up, or seeks to recover, a claim for money advanced by him for the use and benefit of the plaintiff in and about repairing, fitting up, and improving the homestead and grounds of the plaintiff, and that the plaintiff may enter judgment for the amount due upon the note and mortgage described in the complaint, with a proviso in said judgment that the said *C. H. Marshall*, his heirs or assigns, shall have the right to purchase said judgment, or to redeem the premises from the same, upon the payment to the plaintiff, or her attorney, within the time of redemption allowed by law, the sum of $1,000, with interest thereon at ten per cent. from June 10, 1879, less the sum of $100 paid thereon November 19, 1880, and $50 paid October 4, 1881, together with the costs of action; and that, upon said payment being made, the said plaintiff be compelled to assign and transfer such

judgment to said *C. H. Marshall*, his heirs or assigns, on demand.

"*Dated March 1, 1882.*

"E. S. BRAGG, Attorney for Defendants
C. F. Kalk and *C. H. Marshall.*

"A. M. BLAIR, Attorney for Plaintiff."

On the 21st of March, 1882, final judgment was entered in said action, which contained the proviso stipulated for by the defendants. The premises, not having been redeemed by any one, were sold upon this foreclosure judgment, and purchased by the plaintiff herein May 10, 1883, and such sale was confirmed May 22, 1883. After the foreclosure sale, and after the deed from Neeb to the defendant in this action, *Mary W. Marshall,* was executed, she took possession of said mortgaged premises, apparently claiming title under such deed. On the 31st day of May, 1883, the plaintiff in the foreclosure action obtained from the court a writ of assistance to remove the said *Mary W. Marshall* from the possession of said premises, and on the 2d day of June, 1883, such writ was executed, said defendant was removed, and the plaintiff put in possession thereof. After being so removed from the possession of said premises, the defendants, on different days between the 2d and 11th days of June, 1883, again entered upon said premises with their cattle and horses, and depastured them thereon, and for these acts, committed between said 2d and 11th days of June, 1883, this action was brought. The plaintiff recovered judgment and the defendants appeal to this court, and claim that the judgment should have been in favor of the defendants, because it is insisted they showed upon the trial a title in fee in *Mary W. Marshall* to the lands upon which the alleged trespasses were committed, by virtue of the two tax deeds issued to C. K. Pier in 1880 and 1881, and by conveyance from Pier to C. F. Kalk, Kalk to *Charles H. Marshall, Charles H. Marshall* to Neeb, and from Neeb to said *Mary W. Marshall.*

Newton vs. Marshall and husband.

There being no evidence given on the part of the plaintiff to impeach these tax deeds, the title derived from the conveyances from the grantee named therein, through the several persons above named, to the defendant *Mary W. Marshall*, would give her a good title to the same, unless the relation existing between Kalk, the grantee of Pier, and the plaintiff in this action was such, at the time he took the conveyances from Pier, as would estop him from setting up such title, or his conduct in the foreclosure action brought by this plaintiff, and to which he was a party, is a bar to his grantees setting up a title to the lands in question under said tax deeds. We are inclined to think that the relation of Kalk to the claim of *Mrs. Newton*, under the mortgage assigned to her to secure the loan made by her to him, was such that he could not acquire a tax title upon the lands described in her mortgage, and thus extinguish her claim under the same. The record shows that he held a second mortgage upon the land which was subject to the mortgage assigned to *Mrs. Newton*, and that he also held an interest in the mortgage so assigned. Having assigned the first mortgage on the land to *Mrs. Newton* to secure $1,000 loaned to him, as to that mortgage he held substantially the position of a mortgagor, and it became his duty to pay the taxes on the mortgaged premises in order to keep the security good, and not destroy it by suffering the taxes to remain unpaid and the property to be sold for the payment thereof. It might well be presumed that when he purchased the tax titles they were so purchased for the benefit of *Mrs. Newton*; so far, at least, as she was interested in the mortgage security held by her. See *Fisk v. Brunette*, 30 Wis. 102; *Smith v. Lewis*, 20 Wis. 350; *Sturdevant v. Mather*, 20 Wis. 576; *Avery v. Judd*, 21 Wis. 262; Blackw. Tax Titles, p. 400; *Fallass v. Pierce*, 30 Wis. 443, 481. This presumption is confirmed by the subsequent acts of Kalk. After the tax deeds had been delivered to him he made no claim under

them in hostility to the title of *Mrs. Newton* under her mortgage. He commenced a foreclosure of his subsequent mortgage while holding the conveyances from Pier, and in that action obtained a receiver of the mortgaged property for his benefit as mortgagee. These acts were entirely inconsistent with the claim that he owned the premises in fee by a title hostile to the claim of *Mrs. Newton* and to his own claim as mortgagee of the premises. In his testimony taken on the trial of this action Kalk says he made the conveyance to *Charles H. Marshall* to protect the interest of *Mrs. Newton*, as well as to protect the interest of *Marshall*. He also testified that all the claims *Marshall* had against him when he made the conveyance to him, and to protect which such conveyance was in part made, had been fully paid and satisfied before this action was commenced, and the court below has found in favor of the version given to the transaction by Kalk, instead of that given to it by the defendant *Marshall*. In equity, therefore, the mere legal title which passed from Pier to the defendant *Mrs. Marshall* must be held subject to the title of *Mrs. Newton* founded upon the foreclosure of her mortgage.

But there is another thing which appears in the record of the foreclosure action which is a perfect bar to any claim which Kalk might undertake to assert by virtue of his purchase of the tax titles from Pier. He signed the stipulation above set forth authorizing *Mrs. Newton* to take judgment against him, as a defendant in such foreclosure suit, for the whole amount of the mortgage, and to sell the premises to pay the whole amount due thereon, more than a third of which would be due to himself had the mortgaged premises been of sufficient value to pay the whole amount due on the mortgage, with a stipulation in favor of his grantee, *Charles H. Marshall*, giving him the right to an assignment of the judgment to him upon his paying the sum of $1,000, and interest thereon as stated in such stipulation. This act is

entirely inconsistent with any claim on the part of Kalk that he owned the fee of the land free and clear of the incumbrance of *Mrs. Newton's* claim under her mortgage. It was a perfectly clear admission on his part that he held the claim on the mortgaged property by virtue of the tax titles conveyed to him by Pier, subject to the payment of the claim of *Mrs. Newton* under the mortgage assigned to her to secure the $1,000 loaned to him. It would seem very clear that Kalk could not now assert a title in fee under his tax deeds, as against *Mrs. Newton*, had he still remained the holder of such titles. It is said by the plaintiff that *Charles H. Marshall* signed the same stipulation. The stipulation purports to be signed by Mr. Bragg, as his attorney. He, however, denies the authority of his attorney to sign the same. He also denies that he ever was properly made a party to the action by service of the summons, or that he appeared therein by attorney or otherwise.

Without stopping to consider the question whether he can be permitted in this collateral action to controvert the record in the foreclosure action by showing that the court never in fact obtained jurisdiction of his person therein, and admitting that he was not properly made a party to the action, still he obtained his conveyance from Mr. Kalk and wife, who were parties to the action, *pendente lite* and long after a *lis pendens* was duly filed therein. And if not a party to the action, having taken his conveyance from Kalk and wife during the progress of the action to which they were parties, he is concluded by the judgment in the action in the same manner and to the same extent that his grantors, Kalk and wife, are concluded. Sec. 3187, R. S. 1878; *Warner v. Trow*, 36 Wis. 195, 200. For the purposes of this action, therefore, it is wholly immaterial whether *Charles H. Marshall* was a party to the foreclosure action or not. Having taken his title from parties to the action after the *lis pendens* was filed therein, he is bound by the judgment in the

same way and to the same extent as the parties from whom he received his title are bound.    As said above, there can be no doubt that, upon all the facts of the case, Kalk is estopped from setting up any claim to the lands in question hostile to the claim of *Mrs. Newton* upon the foreclosure sale.

It is also objected by the appellants' counsel that the plaintiff did not show title to the lands upon which the alleged trespasses were committed.    She established the fact that she was put into the actual possession of the premises under the foreclosure judgment and sale, and being so in possession, so far as these defendants are concerned, standing in the same situation as the parties defendant in that action stand, such possession of the plaintiff must be deemed a lawful possession, and she cannot be lawfully ousted therefrom except by some person who can establish a better title; and, as we have seen, this the defendants failed to show on the trial.

Having considered the case upon the merits of the title claimed by the defendants, it is unnecessary to determine whether a party to a foreclosure action, or one who stands in the situation of a party, and who has been turned out of the possession of the mortgaged premises upon a writ of assistance in favor of the purchaser, can thereafter enter upon such premises under claim of title paramount and superior to the title of the purchaser at the mortgage sale, and defend such entry, if an action of trespass be brought against him by the purchaser so put in possession, by proving his title in such action; or whether he must resort to an action of ejectment to oust the purchaser put in possession by such writ.

It is urged by the counsel for the appellants that the plaintiff, in her complaint in the foreclosure action, admits that the defendants therein, Kalk and *Marshall*, had a title or · claim upon the mortgaged premises which was superior to

her claim as mortgagee. We find nothing in the complaint in that action which can fairly be construed into such an admission. The allegations in the complaint relied on as admitting such fact are the following: "That defendants *Charles H. Marshall* [and others] have, or claim to have, by mortgage, judgment, or tax lien, some interest or lien on said real estate mortgaged as aforesaid, or in some part thereof; but such interest or lien, if any, has accrued subsequent to the lien of said mortgage." It is claimed that, because it is stated that the defendants claim a lien for taxes, such claim must necessarily be paramount to the lien of the plaintiff under her mortgage. This statement is far from being an admission of any claim on the part of the defendants superior to the plaintiff's mortgage. It is simply an admission that they claim to have a lien for taxes which may or may not be paramount to the plaintiff's mortgage, and the plaintiff would clearly have been at liberty to dispute the priority of any such claim, on the trial of the action, had the defendants set up such a paramount lien in their answer and asked to have the same determined in that action. *Roche v. Knight*, 21 Wis. 324; *Wicke v. Lake*, 21 Wis. 410; *Wickes v. Lake*, 25 Wis. 71. It does not amount to an admission of the fact that any of the defendants had a lien on the lands, paramount to the plaintiff's mortgage, which would estop the plaintiff from disputing such claim if insisted upon by answer in the action. Much less would it bind her in a collateral action.

*By the Court.*— The judgment of the circuit court is affirmed.