J. & S. CORPORATION, Appellant, v. MORTGAGE ASSOCIATES, INC., Respondent: CHURCH OF CHRIST MANORS, INC., Defendant.

*No. 109. Argued January 7, 1969.—Decided February 4, 1969.*
(Also reported in 164 N. W. 2d 221.)

---

For the appellant there was a brief by *Snyder, Fisher, Lee & Lilly* of Milwaukee, and oral argument by *Edward H. Snyder*.

For the respondent there was a brief by *Peregrine, Schimenz, Marcuvitz & Cameron* and *Hugh R. Braun*, all of Milwaukee, and oral argument by *Mr. Braun*.

HEFFERNAN, J. The question on appeal is whether one who acquires an interest in land by a conveyance prior to the filing of a *lis pendens* is nonetheless bound by the proceedings in an action affecting title to the real estate, unless the instrument of conveyance is of record prior to the filing of the *lis pendens*.

We deem sec. 281.03 (1), Stats., dispositive of this issue. That statute provides:

"281.03 **Lis pendens; who may file; effect; when void; discharge.** (1) In an action where the complaint contains a legal description of real estate and seeks relief in respect to the title thereto, after the filing of the complaint the plaintiff shall file in the office of the register of deeds of each county where any part thereof is situated, a lis pendens containing the names of the parties, the object of the action and a description of the land in that county affected thereby. . . . From the time of such filing every purchaser or encumbrancer whose conveyance or encumbrance is not recorded or filed shall be deemed a subsequent purchaser or encumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto. . . ."

We conclude that the plain meaning of this statute is to relegate the holder of an unrecorded interest in land to the status of a subsequent purchaser, whose rights are subject to the legal proceedings in which the *lis pendens* is filed.

The statute makes immaterial the time when the holder of the unrecorded conveyance or encumbrance in fact received his interest. As to those rights that arise out of the legal action, he is a subsequent purchaser unless his conveyance or encumbrance has been recorded prior to the filing of the *lis pendens*. All parties who are not holders of a recorded interest in land at the time of the filing of a *lis pendens* are subsequent purchasers.

The legal consequences of being denominated a subsequent purchaser by the statute is set forth in *Vogt v. Calvary Lutheran University Missionary Society* (1933), 213 Wis. 380, 385, 251 N. W. 239:

". . . as purchasers [or encumbrancers] subsequent to the filing of the *lis pendens* in that foreclosure action, [they] are bound and concluded by the proceedings and judgment in that action, whether taken or entered before or after they acquired title, to the same extent and in the same manner as if they had been joined and served as parties thereto. Sec. 281.03 (1), Stats.; *Newton v. Marshall*, 62 Wis. 8, 21 N. W. 803; *Brown v. Griswold*, 109 Wis. 275, 85 N. W. 363."

The case of *Munger v. Beard* (1907), 79 Neb. 764, 113 N. W. 214, involves a *lis pendens* statute similar to Wisconsin's, and the opinion of the Nebraska court is helpful in understanding the purpose and proper meaning of such a statute.

The question therein presented was whether the rights of the owner of an unrecorded fee were affected by the filing of a *lis pendens* and a foreclosure judgment that were admittedly subsequent to the acquisition of the fee. The Nebraska court pointed out that, at common law, the effect of a *lis pendens* was merely to obviate the

need of joining those whose interest in the land arose after the filing of the *lis pendens:*

"A second class of persons were . . . beyond the reach of the original statute. They were parties who had taken title or acquired an interest in the property in litigation prior to the commencement of the action, but who had failed to record their conveyances, and who would therefore be unknown to the plaintiff, who could not on that account implead them in the action to cut off whatever interest they might have. To meet these difficulties, the legislature in 1887, and prior to the making of the mortgage in suit, amended section 85 by providing that, in all actions wherein the title to real property was brought in question, the plaintiff, at the time of filing his petition, or afterwards, might file a notice of *lis pendens* in the office of the register of deeds, the notice to contain the names of the parties, the object of the action, and a description of the property to be affected by the suit. A defendant who sought for any affirmative relief by way of cross-petition might also file such *lis pendens* notice, and it is provided that 'from the time of filing such notice shall the pendency of such action be constructive notice to any purchaser or incumbrancer to be affected thereby, and every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser or incumbrancer and shall be bound by all proceedings taken in said action after the filing of such notice, to the same extent as if he were made a party to the action.' " *Munger v. Beard, supra,* page 768.

The rationale behind the *lis pendens* statute was explained:

"The legislature understood, as well as any one else, that parties secretly holding title or liens could not be known to the plaintiff, could not be made parties, could not be served, and the question was how to cut them off from asserting their interest after a judgment against the persons appearing of record as the only ones having any interest. The plain way to accomplish this end was to declare that all parties with unrecorded interests should be bound by a judgment against those whose in-

terests were known or appeared of record. It was the application in another way of the doctrine that the party who fails to record his title shall be estopped from asserting it against a subsequent good faith purchaser. The legislature, in the use of an undoubted power, exercised its right to say that a party who failed to place of record any interest held by him in real estate should be bound by a judgment entered in an action involving such property, where the record owners were made parties. In other words, the purchaser of real estate, under a decree of court in which a *lis pendens* has been filed, takes title paramount to any conveyance or incumbrance not known to the plaintiff or found of record when the *lis pendens* was filed; and this upon the same theory that a subsequent good faith purchaser acquires good title against a prior conveyance which was not of record when the second party made his purchase." *Munger v. Beard, supra,* pages 770, 771.

The Nebraska *lis pendens* statute, as can be seen from the paragraphs quoted above, is strikingly like that of Wisconsin's, and the rationale behind our statute is undoubtedly the same. While the statute, plain on its face, need not be construed to determine that, under the facts of this case, J. & S. Corporation is a subsequent purchaser bound by the judgment as though a party, the opinion of the Nebraska court clarifies the reasons for the legislative enactment.

The Nebraska court held, as we hold here, that actual knowledge of an unrecorded interest in land compels a joinder of the holder of that interest only if that knowledge reaches the plaintiff prior to the filing of the *lis pendens*. In *Munger, supra,* page 771, the Nebraska court said:

". . . the purchaser of real estate, under a decree of court in which a *lis pendens* has been filed, takes title paramount to any conveyance or incumbrance not known to the plaintiff or found of record *when the lis pendens was filed; . . .*" (Emphasis supplied.)

In *Munger* the Nebraska court held that the filing of a *lis pendens* did not relegate the holder of the prior unrecorded fee to the status of a subsequent purchaser when she was in actual possession and occupancy of the property:

". . . the intent of the legislature being to give the plaintiff the benefit of a *lis pendens* notice as against parties holding secret liens, and not against those whose liens or interests were actually known to him. It being admitted that Mrs. Fitch was in possession when the foreclosure proceeding was commenced, her possession was actual notice . . . ." *Munger, supra,* page 775.

In the instant case, it is admitted by stipulation that the plaintiff could first have known of the unrecorded interest of J. & S. Corporation in the second mortgage on October 25, 1966, over six months following the filing of the *lis pendens*. The actual notice to Mortgage Associates, Inc., at this late date in no way diminished the protection afforded to it or to a purchaser at the foreclosure sale by the timely filing of the *lis pendens*. From that date on, it had no obligation whatsoever to join a subsequently discovered interest holder. It was, by operation of the statute, subject to the proceedings of the court, "to the same extent and in the same manner as if he were a party thereto." The trial court properly granted summary judgment dismissing the plaintiff's complaint.

*By the Court.*—Judgment and order affirmed.