Helge JOHANSEN and Beverly Johansen, his wife,
Plaintiffs-Appellants,

v.

Floyd REINEMANN, Defendant-Respondent.†

Court of Appeals

*No. 83–2039. Submitted on briefs April 24, 1984.—*
*Decided June 19, 1984.*
(Also reported in 352 N.W.2d 677.)

† Petition to review denied.

For the appellants the cause was submitted on the briefs of *Lawrence J. Wiesneske* and *O'Melia, Eckert & Assoc., S.C.,* of Rhinelander.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Theodore L. Priebe,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.  Helge and Beverly Johansen appeal from a summary judgment dismissing their action for damages against Floyd Reinemann.  Helge was injured on a pier in the American Legion State Forest, owned and operated by the State of Wisconsin and managed by Reinemann, a DNR employee.  The Johansens contend that sec. 29.68, Stats., does not limit Reinemann's liability for Helge's injuries and that if it does, it violates their right to equal protection under the law.[1]  Because sec. 29.68 relieves Reinemann of any liability for Helge's injuries and because it does not deny the Johansens equal protection, we affirm the judgment.

Summary judgment is appropriate where a determination of an issue of law concludes the case.  *Garchek v. Norton Co.,* 67 Wis. 2d 125, 129–30, 226 N.W.2d 432, 435 (1975).  We will reverse a summary judgment only if the trial court incorrectly decided the legal issue.  *Arnold v. Shawano County Agricultural Society,* 111 Wis. 2d 203, 209, 330 N.W.2d 773, 776 (1983).

[1] The Johansens also contend that Reinemann owed Helge a duty of due care and that Helge's negligence was not, as a matter of law, greater than Reinemann's.  Because we hold that Reinemann is, by statute, relieved of any liability for Helge's injuries, we need not address these other issues.

■

The trial court properly granted Reinemann's motion for summary judgment because sec. 29.68 relieves him of any liability. Section 29.68(1) provides that an owner whose property is used by others for fishing, camping, water sports, and other specific recreational uses has no duty to those persons to keep the premises safe for their use. Subsection (3) provides that an owner's liability for injuries is not limited by this section when permission to use the premises "was granted for a valuable consideration other than the valuable consideration paid to the state . . . ." Valuable consideration does not include entrance fees paid to the state. Section 29.68(5)(c), Stats.

Helge was permitted to use the pier because he or some other member of his party paid the required state entrance fee. Since that fee is, by definition, not valuable consideration under the statute, the exception of sub. (3) does not apply and neither the state nor Reinemann[2] are liable for Helge's injuries.[3] Helge's payment of an additional camping fee is irrelevant because his use of the pier, where the injury occurred, was based only upon payment of the entrance fee.

■

Section 29.68 does not deny Helge equal protection because there is a rational basis for the statute's classification of governmental and private tortfeasors. Legislation is presumed to be constitutional. *Sambs v. City of Brookfield*, 97 Wis. 2d 356, 370, 293 N.W.2d 504, 511 (1980). If there is a rational basis for a classification of governmental versus private tortfeasors, the classification is constitutional. *See id.*

---

[2] The state and, for purposes of § 895.46, Stats., its employees, are owners under the statute. Section 29.68(5)(d), Stats.

[3] We do not suggest that if some valuable consideration were paid, the state or its employees would be liable under the exception in sub. (3). We do not address that question here.

In *Sambs,* the court approved a statutory limitation on damages for governmental tortfeasors. The need to protect government funds from depletion by damage payments provided the rational basis for that classification. *Id.* at 371–72, 293 N.W.2d at 512.

The same basis supports sec. 29.68's classification, since the state could be liable for judgments taken against its employees. *See* sec. 895.46, Stats. Although *Sambs* did not involve complete immunity from liability, the court there noted that the legislature is free to grant immunity if it deems it better public policy and a rational basis exists. *Sambs,* 97 Wis. 2d at 372, 293 N.W.2d at 512. We conclude that the preservation of government funds against damage payments provides a rational basis for sec. 29.68's grant of immunity to the state and its employees.

*By the Court.*—Judgment affirmed.