Fred W. WARREN, Petitioner-Respondent,

v.

LINK FARMS, INC., c/o Kerwyn Link, Appellant.

Court of Appeals

*No. 83–2104. Submitted on briefs January 14, 1985.—
Decided March 26, 1985.*
(Also reported in 368 N.W.2d 688.)

For the appellant the cause was submitted on the briefs of *Francis J. Eustice* and *Aulik, Brill & Eustice, S.C.,* of Sun Prairie.

For the petitioner-respondent the cause was submitted on the brief of *Joel Bruce Winnig* of Madison.

Before Gartzke, P.J., Dykman, J., and Rudolph T. Randa, Reserve Judge.

GARTZKE, P.J.   Link Farms, Inc., appeals from a judgment entered on a worker's compensation award to Fred Warren.  The issues are whether the trial court properly rendered judgment under sec. 102.20, Stats., on an examiner's order making the award before the order became final and whether Link Farm's appeal is frivolous.  We conclude that the trial court erred but the issue is moot and the appeal is not frivolous.  We affirm.

The facts are undisputed. Warren applied to the Department of Industry, Labor and Human Relations for worker's compensation, naming Link as his employer. Link was served with a written application for hearing, but failed to file a timely answer. Wisconsin Adm. Code, sec. Ind 80.05(2), allows DILHR to issue an order by default, without hearing, in accordance with the application, as provided in sec. 102.18(1)(a), Stats. September 2, 1983, the DILHR examiner rendered a default order awarding Warren $2,200.51.

September 16, 1983 the circuit court granted the judgment on the award against Link, Warren having presented a certified copy of the examiner's order to the court. The judgment purports to be pursuant to sec. 102.20, Stats. Link subsequently petitioned the Labor and Industry Review Commission for review. LIRC affirmed the examiner's order November 9, 1983. Link then brought an action in circuit court for review of LIRC's decision.

An issue is moot when a determination is sought which can have no practical effect on a controversy. *Milwaukee Police Asso. v. Milwaukee,* 92 Wis. 2d 175, 183, 285 N.W.2d 133, 137 (1979). As a general rule, moot issues will not be considered on appeal. *Reserve Life Ins. Co. v. La Follette,* 108 Wis. 2d 637, 643, 323 N.W.2d 173, 176 (Ct. App. 1982). An exception is made if the issue has great public importance, a statute's constitutionality is involved, or a decision is needed to guide the trial courts. *Ziemann v. Village of North Hudson,* 102 Wis. 2d 705, 712, 307 N.W.2d 236, 240 (1981).

The propriety of rendering judgment under sec. 102.20, Stats., on an examiner's order before it is final is a moot issue. LIRC affirmed the examiner's order November 9, 1983. Judgment could now be entered on that order under sec. 102.20, notwithstanding the pend-

ing judicial review. Sec. 102.23(1)(d).[1] Reversing the September 16, 1983 judgment will not affect the controversy between Warren and Link. We therefore affirm the judgment.

We nevertheless address the issue. The large number of worker's compensation awards requires that we clarify the time when a judgment may be rendered under sec. 102.20, Stats., on a worker's compensation award. Section 102.20 provides:

Either party may present a certified copy of the award to the circuit court for any county, whereupon said court shall, without notice, render judgment in accordance therewith; such judgment shall have the same effect as though rendered in an action tried and determined by said court, and shall, with like effect, be entered and docketed.

A statutory term is ambiguous if reasonable persons could disagree as to its meaning. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981). Whether reasonable persons could disagree is a question of law. *St. John Vianney Sch. v. Janesville Ed. Bd.,* 114 Wis. 2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983). The meaning of an ambiguous statute is a question of law which we review independently. *Barth v. Monroe Board of Education,* 108 Wis. 2d 511, 517, 322 N.W.2d 694, 697 (Ct. App. 1982). When determining the meaning of ambiguous statutes, we employ judicial rules of statutory construction to ascertain the intention of the legislature. *State v. Tollefson,* 85 Wis. 2d 162, 167, 270 N.W.2d 201, 203 (1978). We look to the statutory context, subject matter, scope, history and object to be accomplished. *In Interest of I.V.,* 109 Wis. 2d 407, 409–

---

[1] Judicial review of a final award or order is provided for by sec. 102.23(1), Stats. Section 102.23(1)(d) gives the circuit court the power to "confirm or set aside such order or award; and any judgment which may theretofore have been entered thereon . . . ."

10, 326 N.W.2d 127, 129 (Ct. App. 1982). We search for a reasonable meaning. *St. John Vianney,* 114 Wis. 2d at 151, 336 N.W.2d at 391.

The word "award" in sec. 102.20, Stats., is ambiguous. It could be understood to mean the examiner's award either before or after it becomes final under sec. 102.18 (3), which provides in part:

> If no petition [for review with LIRC] is filed within 21 days from the date that a copy of the findings or order of the examiner is mailed to the last-known address of the parties in interest, such findings or order shall be considered final, unless set aside, reversed or modified by such examiner within such time. If the findings or order are set aside by the examiner the status shall be the same as prior to the findings or order set aside. If the findings or order are reversed or modified by the examiner the time for filing petition with the department shall run from the date that notice of such reversal or modification is mailed to the last-known address of the parties in interest.

Construing "award" in sec. 102.20, Stats., to include an order not yet final under sec. 102.18(3) would work an unreasonable result. Under that construction a judgment on a nonfinal order would remain enforceable even after the examiner or LIRC set aside, reversed or modified the order under sec. 102.18(3). No statutory provision is made to set aside the judgment under those circumstances. The legislature could not have intended that result, especially in view of the power given to a reviewing court to confirm or set aside the award "and any judgment which may theretofore have been rendered" on the award, sec. 102.23(1) (d).

We therefore construe "award" in sec. 102.20, Stats., to mean an award which has become final under sec. 102.18(3). Accordingly, the circuit court erred in granting judgment on the examiner's nonfinal order.

In his brief, Warren requests costs and fees under sec. (Rule) 809.25(3), Stats., on grounds that Link's appeal is frivolous. Section (Rule) 809.25(3) requires us to award "to the successful party costs and fees" on a frivolous appeal or cross appeal. But for the mootness of the issue, Warren would have lost this appeal. Warren did not argue mootness. We construe Warren's request as a motion for costs and fees under sec. (Rule) 809.25(3). We deny it and allow Link $50.00 motion costs.

*By the Court.*—Judgment affirmed. No costs to either party on the appeal. Motion for fees denied, appellant to recover $50.00 costs.