STATE of Wisconsin, Plaintiff-Appellant,

v.

Douglas J. WALCZAK, Defendant-Respondent.

Court of Appeals

*No. 90-0384-CR. Submitted on briefs August 3, 1990.—Decided August 8, 1990.*

(Also reported in 460 N.W.2d 797.)

662

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Monika M. Neu,* assistant district attorney.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Daryl W. Laatsch* of *Daryl W. Laatsch, S.C.* of West Bend.

Before Nettesheim, P.J., Brown and Scott, JJ.

SCOTT, J.   The state appeals from an order dismissing a criminal complaint against Douglas J. Walczak for operating a motor vehicle after revocation of his license, contrary to sec. 343.44, Stats. The state contends that the penalty enhancer provision, sec. 343.44(2)(b),[1] applies when the time between *convictions* is five years or less. The trial court agreed with Walczak that the penalty enhancer applies only when the time between *violations* which result in convictions is five years or less. We affirm.

Walczak was cited for speeding on September 15, 1989. A record check revealed that his driver's license had been revoked. It also indicated that he had been cited for an operation after revocation violation on June 21, 1984 and convicted for that violation on March 18, 1985. Since it was less than five years since his last conviction, the state chose to criminally charge Walczak as a repeater under sec. 343.44(2)(b)1, Stats.

Walczak moved to dismiss the criminal complaint. He argued that because the two violations occurred more than five years apart, the second offense should have resulted in a civil rather than a criminal charge. Concluding that an offender can be charged criminally only

[1]The parties cite the relevant statute as "sec. 343.44(2)(b), Stats." Effective May 11, 1989, however, the statute was renumbered to sec. 343.44(2)(b)1. Sec. 1cc, 1989 Wis. Act 12. It was also amended, but in a manner immaterial to their appeal.

when two *violations,* not *convictions,* occur "within 5 years," the trial court dismissed the criminal complaint.

On appeal, the state argues that sec. 343.44(2)(b)1, Stats., plainly commands that an offender face an enhanced penalty when he or she has multiple *convictions* within a five-year period. We disagree.

Determining when the statute's penalty-enhancing provision applies requires statutory construction. Statutory construction presents a question of law which we review *de novo. Wisconsin Finance Corp. v. Garlock,* 140 Wis. 2d 506, 515, 410 N.W.2d 649, 653 (Ct. App. 1987). We will apply the rules of statutory construction if the language is ambiguous or if a literal reading would lead to an absurd or unreasonable result. *Id.* at 516, 410 N.W.2d at 653. A statute is ambiguous if reasonably well-informed persons could differ as to its meaning. *Id.*

Section 343.44, Stats., reads in relevant part:

> **(1)** No person whose operating privilege has been duly revoked or suspended pursuant to the laws of this state shall operate a motor vehicle upon any highway in this state during such suspension or revocation or thereafter before filing proof of financial responsibility or before he has obtained a new license in this state or his operating privilege has been reinstated under the laws of this state. . ..
>
> **(2)** Any person *violating* this section:
>
> . . ..
>
> (b)1. . . .. [F]or a 2nd *conviction* under this section or local ordinance in conformity with this section *within 5 years,* a person shall be fined not less than $300 nor more than $1000 and shall be imprisoned not less than 10 days nor more than 6 months. [Emphasis added.]

We conclude the language of sec. 343.44, Stats., is ambiguous. A reasonable person could conclude that the phrase "within 5 years" refers to either the word "violating" or the word "conviction."

Having determined that the statute is ambiguous, we next look to its context, subject matter, scope, history and objective, always seeking to achieve a reasonable construction and avoid an absurd result. *Garlock,* 140 Wis. 2d at 517, 410 N.W.2d at 653.

The plain purpose of a penalty enhancer statute is to deter repeated undesirable conduct. *See State v. Banks,* 105 Wis. 2d 32, 49, 313 N.W.2d 67, 75 (1981). The title of sec. 343.44, Stats., "Driving after license revoked or suspended," reveals the conduct this particular statute seeks to prohibit. While recognizing that the title is not part of the statute, we nonetheless may resort to it to resolve doubt as to the statute's meaning. *See Brennan v. Employment Relations Comm'n,* 112 Wis. 2d 38, 41, 331 N.W.2d 667, 669 (Ct. App. 1983). "Driving after license revoked or suspended" describes the *violation,* not the *conviction.*

In addition, the construction advocated by the state would lead to an unworkable result. If only the *conviction* dates are relevant, the charging entity (be it the police officer on the street or the prosecuting attorney) often may not know at the time the citation is issued whether to charge the offender civilly or criminally because at the time of the violation, the date of trial and potential conviction are uncertain.

The state's construction also leads to an absurd result: it allows the penalty to be determined by the defendant's calculated delay or by the vagaries of the

judicial system. Consequently, one defendant, if brought to trial quickly for his or her wrongdoings, could be charged with a criminal offense. Another defendant, committing the same offenses at the same times, might be found guilty of only a civil offense if his or her second trial is delayed—by strategy or serendipity—beyond the five-year limit.

We find illustrative the rationale employed in an analogous case, *De Bruin v. State,* 140 Wis. 2d 631, 412 N.W.2d 130 (Ct. App. 1987). The issue there was whether the number of violations or the number of convictions within a five-year period determined an individual's status as a habitual traffic offender under sec. 351.02, Stats.[2] We concluded that basing the measurement upon the number of violations is "the more reasonable interpretation." *De Bruin,* 140 Wis. 2d at 637, 412 N.W.2d at 132. We went on to say:

> When the statute refers to the term convictions, it means only that the violations must result in convictions before they may be counted as one of the [necessary number of] offenses committed within five years.

*Id.* at 639, 412 N.W.2d at 132.

While in *De Bruin* we had the benefit of stated legislative intent, *see* sec. 351.01, Stats., we also noted that an interpretation such as that advanced here by the state would work to frustrate the statute's purpose. *See De Bruin,* 140 Wis. 2d at 638–39, 412 N.W.2d at 132.

---

[2]The relevant portion of sec. 351.02, Stats., reads:

> (1) "Habitual traffic offender" means any person . . . whose record . . . shows that the person has accumulated the number of convictions for the separate and distinct offenses . . . committed within a 5-year period . . ..

We therefore hold that the proper way to determine whether the penalty enhancer provision applies is to measure the time between violations leading to convictions, not the time between the convictions themselves. Any other construction would lead to an absurd and unworkable result. Because Walczak's prior violation occurred more than five years before the offense at issue here, the trial court rightly dismissed the criminal complaint.

*By the Court.*—Order affirmed.