STATE of Wisconsin EX REL. Larry E. OLSON, Petitioner,

v.

Jon LITSCHER, Secretary, Department of Corrections, Lawrence Mahoney, Superintendent, Kenosha Correctional Center, Douglas Geske, Agent Department of Corrections, Division of Community Corrections, Circuit Court for Kenosha County-Branch 3, the Honorable Bruce E. Schroeder, presiding, and their agents, Assistants, Attorneys, Assigns, Supervisors, and all those acting in concert therewith, Respondents.

Court of Appeals

*No. 99–1082–W. Submitted on a petition January 18, 2000.—Decided February 16, 2000.*

## 2000 WI App 61

(Also reported in 608 N.W.2d 425.)

On behalf of the petitioner, a petition for writ of habeas corpus was filed by *Cynthia O'Brien,* assistant state public defender of Kenosha. There were briefs submitted by *Dennis Egre,* first assistant state public defender of Kenosha.

On behalf of the respondents, a response was submitted on the brief of *James E. Doyle,* attorney general, and *Mary E. Burke,* assistant attorney general. There was a motion submitted by *James E. Doyle,* attorney general, and *Eileen W. Pray,* assistant attorney general.

Before Brown, P.J., Nettesheim and Snyder, JJ.

686

¶ 1.   BROWN, P.J.   Larry E. Olson filed a petition for a writ of habeas corpus in this court.[1] Olson contends that the Department of Corrections (DOC) impermissibly detained him past his mandatory release on parole date. *See* WIS. STAT. § 302.11(1) (1997–98).[2] The State concedes that Olson was entitled to release, arguing instead that the case is now moot because Olson has been released. However, we conclude that the question presented is capable of repetition and evades review and thus address the merits. We grant Olson's petition for a writ of habeas corpus in this court; the DOC has no authority to hold an inmate in custody beyond his or her mandatory release date, regardless of whether departmental efforts have secured a residence for the inmate.

¶ 2.   The facts are not in dispute. Olson was in prison for sexual assault and reached his mandatory release date on or about March 2, 1999. At that time, the DOC had been unable to locate a residence for Olson. The DOC thus transferred him from the state prison in Oshkosh to the Kenosha Correctional Center, a minimum-security state penal institution. Olson

---

[1] Originally, Olson sought relief in this court by way of mandamus relating to Judge Bruce E. Schroeder's handling of his circuit court petition for a writ of habeas corpus. In a June 18, 1999 order, we denied Olson's request for a writ of mandamus. However, in light of the liberty interest at stake in this case, we ordered briefing on Olson's petition for a writ of habeas corpus in this court.

[2] Olson's crimes were committed in 1983 and 1988. Thus, his mandatory release date is governed by WIS. STAT. § 53.11 (1983–84) and WIS. STAT. § 53.11 (1987–88). The controlling statutory language, however, has not changed. We cite to the current version for convenience. All further references to the Wisconsin Statutes are to the 1997–98 version.

petitioned the circuit court for a writ of habeas corpus, contending that his continued incarceration past his statutorily mandated release date was an unlawful restraint of his personal liberty. The circuit court refused to issue the writ. Olson then applied to this court for habeas relief. While the case was pending our review, Olson was released. The DOC then moved to dismiss the petition as moot. Olson argues that we should entertain the question, despite its being moot in his case, as the factual pattern recurs. Rather than dismiss the case as moot, we grant Olson's petition for a writ of habeas corpus; the DOC had no authority to detain Olson after his mandatory release date. We first discuss our decision not to dismiss and then address the merits.

¶ 3.   An issue is moot when its resolution will have no practical effect on the underlying controversy. *See Warren v. Link Farms, Inc.*, 123 Wis. 2d 485, 487, 368 N.W.2d 688 (Ct. App. 1985). In other words, a moot question is one which circumstances have rendered purely academic. Generally, moot issues will not be considered by an appellate court. *See id.* However, there are exceptions to the rule of dismissal for mootness. *See id.*; *Shirley J.C. v. Walworth County*, 172 Wis. 2d 371, 375, 493 N.W.2d 382 (Ct. App. 1992). We will consider a moot point if "the issue has great public importance, a statute's constitutionality is involved, or a decision is needed to guide the trial courts." *Warren*, 123 Wis. 2d at 487. Furthermore, we take up moot questions where the issue is "likely of repetition and yet evades review" because the situation involved is one that typically is resolved before completion of the appellate process. *State ex rel. La Crosse Tribune v.*

*Circuit Court*, 115 Wis. 2d 220, 229, 340 N.W.2d 460 (1983).

¶ 4.   To begin with, we note that with the recent passage of "Truth in Sentencing," *see* 1997 Wis. Act 283, this issue will cease to arise as mandatory release on parole for felony offenders will be a thing of the past. But a similar situation could conceivably occur under the "Truth in Sentencing" legislation because of the new requirement that felony sentences be bifurcated to include both confinement and extended supervision. *See* WIS. STAT. § 973.01. Currently, offenders for whom a suitable residence has not been found are incarcerated beyond their mandatory release dates. Not only does the problem recur, it is typically resolved pending appellate review. The question is thus one that repeats itself yet evades review. Additionally, it deals with the unlawful restraint of personal liberty—a constitutional question. *See State ex rel. Hager v. Marten*, 226 Wis. 2d 687, 692, 594 N.W.2d 791 (1999). For these reasons, we decline to dismiss this case as moot, even though Olson has been released and our decision will have no practical effect on this case.

■■

¶ 5.   In its brief to this court, the DOC concedes that there is nothing in either the administrative code or the statutes that authorizes it to detain Olson beyond his mandatory release date. The concession is apt. WISCONSIN STAT. § 302.11(1) states that "each inmate is entitled to mandatory release on parole . . . at two-thirds of the sentence." We realize that it is difficult for the DOC to find a neighborhood that will accept a paroled sex offender in its midst.[3] But there is no

---

[3] WISCONSIN STAT. § 301.45, Wisconsin's version of "Megan's Law," *see State v. Bollig*, 224 Wis. 2d 621, 637–38 & n.4, 593 N.W.2d 67 (Ct. App. 1999), *aff'd*, 2000 WI 6, 232 Wis. 2d 561,

gray area in the statute—it is crystal clear. Our job is to apply the statute as it is written. Whether or not a place has been found for an inmate, he or she must be released on his or her mandatory release date. Perhaps there is a way for the state to more closely monitor sex offenders for a time between mandatory release and placement. But when the law is so clear it is for the legislature, not the courts, to determine if and how such a procedure should be fashioned.

*By the Court.*—Writt granted.

605 N.W.2d 199, requires sex offenders to register with the DOC and to keep the DOC informed as to their addresses, among other things. *See* § 301.45; WIS. ADMIN. CODE ch. DOC 332. The public may then obtain information about a sex offender from the registry. *See* WIS. ADMIN. CODE §§ DOC 332.11-.12.