BLANCHARD, J.[1]
¶1 In this family court matter involving David Jackson and Diana Stascak, I dismiss on mootness grounds two issues that Jackson, pro se, purports to raise on appeal. Both of these moot issues directly challenge the circuit court's finding that Jackson was in contempt. I conclude that both issues are moot and that there is insufficient reason to address the moot arguments. Separately, I affirm the circuit court on a third issue, which involves Jackson's argument that the circuit court "lost its competency to render" an order because "mandatory statutory time requirements were not met."
¶2 I now briefly summarize basic mootness standards to provide context for pertinent background information that follows. An issue is moot "when its resolution will have no practical effect on the underlying controversy," and "[a]ppellate courts generally decline to reach the merits of an issue that has become moot." PRN Assocs. v. DOA , 2009 WI 53, ¶¶25, 29, 317 Wis. 2d 656, 766 N.W.2d 559. However, even if an issue is moot, an appellate court may decide to address it in light of exceptional or compelling circumstances, such as when the issue is " 'likely of repetition and yet evades review' because the situation involved is one that typically is resolved before completion of the appellate process." See City of Racine v. J-T Enterprises of Am., Inc. , 64 Wis. 2d 691, 701-02, 221 N.W.2d 869 (1974) ; State ex rel. Olson v. Litscher , 2000 WI App 61, ¶3, 233 Wis. 2d 685, 608 N.W.2d 425 (quoted source omitted).
¶3 Turning to pertinent background, Diana Stascak filed an order to show cause and affidavit for a finding of contempt against Jackson, on September 26, 2017. Stascak alleged in pertinent part that: (1) on July 31, 2017, the circuit court had ordered, in connection with custody and placement determinations, that Stascak and Jackson conduct all of their communications regarding their children through the website Our Family Wizard; (2) as of the time of the filing of the order to show cause, Jackson "still ha[d] not even registered or signed up to utilize the website."
¶4 At a hearing on February 14, 2018, the circuit court made findings consistent with Stascak's allegations. The court found that: the court had issued an orally pronounced July 31, 2017 order that required, among other things, that Jackson sign up for and use the website; Jackson had not complied with that order until September 2017; but, Jackson had brought himself into compliance with the July 31 order by the time of the February 14 hearing. The court stated the following to Jackson, explaining that it would not in any manner sanction his past acts of contempt:
You're now using [the website], so you have purged the contempt.
... I am making a finding of contempt for failing to follow the court's order as it related to communications through Our Family Wizard. I'm making that finding.
... So it is now a moot issue because you've now signed up. And so that's all I'm going to do. I'm not going to order any fees or any costs or anything along those lines. I'm just going to make the finding, and you've now purged it because you have now actually signed up.[2 ]
¶5 In this appeal, Jackson argues that: he should not have been held in contempt based on the court's orally pronounced July 31 order because the order was "not effective" until its "rendering" in writing in September 2017; Jackson should not have been held in contempt based on the court's July 31 order because the circuit court failed to provide proper notice to him that this order was immediately effective, particularly for the purposes of a contempt finding; and, more broadly, the circuit court "lost its competency to render" its July 31 order because "mandatory statutory time requirements were not met."
¶6 Stascak argues, in part, that the first two, contempt-related issues that he raises are moot because the court found at the February 14, 2018 hearing that Jackson was no longer in contempt for failing to use the website and would not be subject to any sanction based on his past contempt for failing to use the website. She also argues that there are no exceptional or compelling reasons for this court to entertain the moot arguments.
¶7 Jackson does not contend that his first and second arguments are not moot, and thus he implicitly concedes the point. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments on appeal may be taken as conceded). The circuit court here explicitly exercised its discretion to decline to impose a sanction on Jackson. See Carney v. CNH Health & Welfare Plan , 2007 WI App 205, ¶24, 305 Wis. 2d 443, 740 N.W.2d 625 (statute authorizing remedial sanctions, WIS. STAT. § 785.04(1), "permits, but does not require, imposition of sanctions"). Jackson does not explain how my review of a finding of contempt absent a sanction would have any practical impact on the underlying controversy. Therefore, I deem the contempt issues moot.
¶8 Further, Jackson does not present a developed argument that there are exceptional or compelling circumstances involving his mooted arguments that would merit consideration of those issues. And, the circumstances do not appear to me to be exceptional or compelling.
¶9 I turn to the third issue, which may not be moot. Jackson contends that the circuit court "lost its competency to render" its July 31 order because "mandatory statutory time requirements were not met." This argument is based on two facts. The written order memorializing the court's July 31 order was not submitted to the court and filed with the clerk of court within 30 days after judgment was granted. This was an apparent violation of WIS. STAT. § 767.251(2).[3] Jackson contends that the court lost its competency to proceed, and "was prevented from adjudicating" any aspect of topics addressed in the July 31 oral order, as of August 30, due to this "failure to comply with [a] legislatively imposed mandate[ ]."[4]
¶10 However, as Stascak points out, it is fatal to Jackson's argument that he fails to provide a supported explanation for the proposition that the 30-day period set forth in WIS. STAT. § 767.251(2) is central to the pertinent statutory scheme in chapter 767. See City of Eau Claire v. Booth , 2016 WI 65, ¶21, 370 Wis. 2d 595, 882 N.W.2d 738 (statutory noncompliance results in a lack of circuit court competency " '[o]nly when the failure to abide by a statutory mandate is "central to the statutory scheme" of which it is a part....' ") (quoting Village of Trempealeau v. Mikrut , 2004 WI 79, ¶10, 273 Wis. 2d 76, 681 N.W.2d 190 ). On this point, in his reply brief, Jackson offers only conclusory assertions. He argues that, because the legislature said 30 days, this must mean that written judgments filed after the 30th day are without effect. Jackson fails to persuade me that the 30-day time period for the filing of written judgments is central to the statutory scheme allowing circuit courts to resolve disputes in family court proceedings. Further, Jackson primarily cites case law that addresses statutory deadlines in contexts distinct from this one. One example involves cases addressing deadlines for filing appeals of various kinds when cases are at the critical stage of moving from completed proceedings before one adjudicating body to new proceedings before another body.
By the Court .-Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(h) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The circuit court used the word "purged," apparently as shorthand, but this was not a purge situation. The record reflects that the court had not imposed a remedial sanction on Jackson before the February 14 hearing. There was nothing to purge. Explaining briefly, courts impose purge conditions as part of remedial sanctions to address ongoing contempt. See State ex rel. N.A. v. G.S. , 156 Wis. 2d 338, 341, 456 N.W.2d 867 (Ct. App. 1990) ; Wis. Stat. § 785.01(3) (defining remedial sanctions). This is in contrast to a punitive sanction, which is punishment for past contempt, intended to deter future disobedience of court orders and judgments. See Wis. Stat. § 785.03(2). I take the court here to have been referring to the type of sanction and purge condition that the court likely would have imposed had Jackson not ceased contemptuous behavior before the February 14 hearing.

Aspects of drafting and filing of judgments in family actions are addressed in Wis. Stat. § 767.251(2) :
Preparation. The findings of fact, conclusions of law, and the written judgment shall be drafted by the petitioner unless the court otherwise directs, and shall be submitted to the court and filed with the clerk of the court within 30 days after judgment is granted.

I observe that Jackson does not suggest that he was prejudiced in any manner by this timing issue. His argument is based strictly on the fact that the 30-day period in Wis. Stat. § 767.251(2) had lapsed.