COURT OF APPEALS
DECISION
DATED AND FILED

April 28, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1106**

Cir. Ct. No. **2019SC14924**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

---

**TE V LLC,**

  **PLAINTIFF-RESPONDENT,**

  V.

**SANTANA COLLINS,**

  **DEFENDANT-APPELLANT.**

---

APPEAL from an order of the circuit court for Milwaukee County: LAURA GRAMLING PEREZ, Judge. *Reversed and cause remanded with directions.*

¶1 DONALD, J.[1] Santana Collins appeals a circuit court order denying her motion to reopen the judgment of eviction. Because it is unclear from the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

record whether Collins raised valid legal grounds to contest her eviction, we reverse the order denying Collins's motion to reopen and remand this matter to the circuit court to establish whether grounds exist to reopen the judgment of eviction.

## BACKGROUND

¶2 On May 14, 2019, TE V LLC filed an eviction action against Collins. On May 30, 2019, Collins appeared at the eviction return date and contested the eviction before a court commissioner. Collins appeared *pro se*. There is no record of the proceeding; however it is apparent from the record before us that the court commissioner entered a default judgment of eviction and issued an immediate Writ of Restitution.

¶3 On June 4, 2019, Collins filed a motion to reopen, which was heard by the circuit court as an emergency hearing on the same day. Collins again appeared *pro se* and told the circuit court that the eviction squad was coming to her apartment that day, but that she had paid her rent. The circuit court asked the deputy to "double-check … that the eviction hasn't been carried out yet with the Eviction Squad[.]" The circuit court then went off the record. The only record of the circuit court's decision on Collins's motion to reopen comes from the CCAP record,[2] which states:

> Court's bailiff contacted the eviction squad and was informed they were at the property. Court finds that the plaintiff was entitled to an order for eviction and that the Milwaukee County Sheriff's Department were currently overseeing the "No Movers" eviction, therefore, the court does NOT find excusable neglect/good cause for reopening

---

[2] Wisconsin's CCAP (Consolidated Court Automation Programs) is an online website that contains information entered by court staff of which this court may take judicial notice. *See Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

2

the case or reasonable prospect for success on the merits. Based upon the record before the Court, the Defendants motion to reopen has been Denied by the Court. Judgment of eviction dated 5/30/19 remains.

¶4      Collins subsequently obtained counsel. This appeal follows.

## DISCUSSION

¶5      On appeal, Collins primarily challenges the procedure underlying her eviction, arguing that WIS. STAT. §§ 799.206 and 799.207 do not permit court commissioners to immediately enter judgments of eviction against defendants who appear at their return dates to contest their cases. Rather, Collins contends that "the statutes require ten days within which a defendant may seek *de novo* review, before the court commissioner's decision becomes a judgment," otherwise the statues would violate due process as they would deny eviction defendants equal protection. (Emphasis added.) TE V LLC contends that Collins's appeal is moot, as she has already been removed from the property and our decision will have no practical legal effect. In the alternative, TE V LLC contends that the court commissioner was within her authority to enter a default judgment, as Collins failed to comply with § 799.206(3) by not raising a valid legal ground to contest her eviction. TE V LLC also contends that Collins was not denied due process as the proper procedure for challenging a default judgment is to file a motion to reopen, which Collins did, and Collins had a hearing on the motion.

¶6      We note first, that even if Collins's appeal is moot because she is no longer on the premises at issue, we may nonetheless consider a moot issue if "the issue has great public importance, a statute's constitutionality is involved, or a decision is needed to guide the trial courts." *State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶3, 233 Wis. 2d 685, 608 N.W.2d 425 (citation omitted). A moot

issue may also be considered on appeal where the issue is "'likely of repetition and yet evades review' because the situation involved is one that typically is resolved before completion of the appellate process." *Id.* (citation omitted). We agree with Collins that her exact situation is likely to occur frequently. Therefore, we do not dismiss her appeal on mootness grounds.

¶7    While we choose not to dismiss Collins's appeal for mootness, we cannot, however, decide the appeal on the merits as the record before us is so sparse with factual information. Based on the record before us, it appears as though the small claims court commissioner entered a default judgment of eviction against Collins. TE V LLC contends that the court commissioner was within her authority to do so, as Collins failed to comply with WIS. STAT. § 799.206(3), which states:

> When all parties appear in person or by their attorneys on the return date in an eviction, garnishment, or replevin action and any party *raises valid legal grounds* for a contest, the matter shall be forthwith scheduled for a hearing, to be held as soon as possible before a judge and in the case of an eviction action, not more than 30 days after the return date.

(Emphasis added.) It is undisputed that Collins appeared at the eviction return date and contested the eviction, but the grounds are unknown as no record of the hearing exists. When Collins filed a motion to reopen the judgment of eviction, the circuit court did not ascertain on the record whether Collins had cause to reopen the eviction judgment. Thus, it is impossible for this court to discern on what grounds the motion was denied. The only clear fact from the record is that the eviction squad was already at Collins's apartment when the hearing was taking place.

¶8    Accordingly, we must reverse the order denying Collins's motion to reopen and remand the cause for further proceedings to determine whether grounds exist for Collins's judgment of eviction to be reopened.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.