**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 12, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP139**

Cir. Ct. No.  **2020ME7**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

---

IN THE MATTER OF THE MENTAL COMMITMENT OF T. M. M.:

TREMPEALEAU COUNTY DEPARTMENT OF SOCIAL SERVICES,

    PETITIONER-RESPONDENT,

  V.

T. M. M.,

    RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Trempealeau County: RIAN RADTKE, Judge. *Affirmed.*

¶1     HRUZ, J.[1]   Tiffany[2] appeals from an order denying her motion for reconsideration of a prior order approving her transfer to a more restrictive

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

placement under WIS. STAT. ch. 51.[3]  Tiffany's appeal is moot, however, and no exception to the doctrine of mootness applies.  Accordingly, we affirm.

## BACKGROUND

¶2      Tiffany was involuntarily committed in February 2020 and shortly thereafter began outpatient treatment, subject to conditions.[4]  On June 4, 2020, Tiffany was taken into custody by law enforcement and brought to a hospital, where she was placed on an emergency detention and admitted to an inpatient facility.  Upon being admitted, Tiffany was examined by a psychiatrist, John Bartholow, who determined that Tiffany seemed "significantly delusional." Bartholow recommended that Tiffany remain in the facility and advised that a more effective medication regimen be developed.

¶3      The Trempealeau County Department of Social Services ("the County") filed a Notice of Rights on June 8, 2020, for Tiffany's transfer—as described above—to the inpatient facility.  This notice included the following language relevant to the availability of a challenge to the transfer:

> 4. Right to petition a court in the county in which you are located or the committing court for a review of the transfer.
>
>    ….

---

[2] For ease of reading, we refer to the appellant in this confidential matter using a pseudonym, rather than her initials.

[3] We note that although the notice of appeal identifies only the order denying Tiffany's motion for reconsideration as being at issue in this appeal, Tiffany uses language throughout her briefs suggesting that she is also appealing from the original order approving her transfer. Although this discrepancy could affect the standard of review or analysis adopted by this court in certain circumstances, it is not material here given our conclusion that this appeal is moot.

[4] The circuit court ordered that the maximum level of treatment possible for Tiffany during her commitment was to be in a locked inpatient facility.

2

6. Upon request to the Court and within 10 days after the transfer, a hearing shall be held on whether the form of treatment resulting from the transfer is least restrictive of your personal liberty, consistent with your treatment needs in a medical professional's medical and clinical judgment. You may appear at the hearing, either personally or by counsel, and may present and cross-examine witnesses and present documentary evidence. The hearing may be waived by you only after consultation with counsel. Any waiver made shall be in writing and witnessed by your counsel.

7. The County Department of Human Services seeking the transfer has the burden of proving, by a preponderance of the evidence, that the form of treatment resulting from the transfer is least restrictive of your personal liberty, consistent with your treatment needs in a medical professional's medical and clinical judgment. Hearsay evidence is admissible if the hearing officer makes a determination that the evidence is reliable. Hearsay evidence may not be the sole basis for the decision of the hearing officer.

¶4 Tiffany petitioned the circuit court for a review of her transfer. A hearing was held on June 26, 2020. The court heard testimony from Dr. Bartholow regarding Tiffany's behavior, his examination of her shortly after her admission, and whether the form of treatment resulting from the transfer was the least restrictive for Tiffany consistent with her treatment needs. Bartholow testified that although Tiffany felt she should be able to leave, Bartholow believed "[i]t was pretty clear she needed to be in the hospital," and that her insight into her disorder was completely impaired. Bartholow testified that Tiffany was agitated, had bruising, and that her thinking was "clearly inappropriate." Bartholow further testified that Tiffany had delusions that varied from day to day and centered on her being mistreated. Bartholow concluded that Tiffany was not being adequately treated for schizophrenia in her current outpatient arrangement, and he recommended inpatient care because he felt she was not ready for community placement. Bartholow confirmed that at the time of the transfer, he believed

3

Tiffany's subsequent transfer to the Trempealeau County Health Care Center was the most appropriate and least restrictive placement for her.

¶5     When asked if Tiffany would have been willing to take Dr. Bartholow's newly recommended medication regimen while out in the community, Bartholow responded: "She was very much resistant to me putting her on another medication. She denied a mental illness and felt that being put on another medication was totally inappropriate and that was very frustrating to her." Bartholow admitted that although Tiffany did not believe herself to be mentally ill and did not want to take the medication he was recommending, she had expressed her reasoning for her refusal, which was that the medication was not being prescribed by her regular doctor whom she sees on an outpatient basis. Bartholow ultimately recommended continued inpatient placement, with the understanding that Tiffany would be moved to an outpatient placement when a psychiatrist and treatment team decided it was appropriate.

¶6     The circuit court stated that it had reviewed WIS. STAT. § 51.35(1)(e)—the statute governing the transfer—in addition to *Manitowoc County v. J.H.*, 2013 WI 68, 349 Wis. 2d 202, 833 N.W.2d 109. The court determined that according to *J.H.*, the statute only required that the transfer from outpatient to inpatient be based on "reasonable medical and clinical judgment." The court concluded: "I don't see that I need to assess the least restrictiveness of the … placement as of [the day of the hearing]." Although the court noted that an issue was raised as to Tiffany's current status because Dr. Bartholow had not seen her in a week, it concluded—based on the statute and the case law—that it was reviewing Tiffany's transfer from outpatient to inpatient and whether that transfer was based on reasonable medical and clinical judgment. It was not, as Tiffany suggested, conducting an ongoing review of Tiffany's placement since the

transfer, or the appropriateness of her placement at the time of the hearing. Based on the testimony at the hearing, the court affirmed the transfer. It concluded that credible and uncontroverted testimony had been presented showing that Tiffany needed to be placed in inpatient care, and that the decision to transfer her to a more restrictive setting was based on reasonable medical and clinical judgment.

¶7 Tiffany filed a motion for reconsideration of the circuit court's ruling, arguing that it was unreasonable to interpret WIS. STAT. § 51.35(1)(e) as limiting a court's review of a transfer to only whether that transfer was appropriate at the time it occurred. She argued that because there was no time limit for the review specified in the statute, this type of review did not "serve any real purpose." Instead, Tiffany reiterated her argument from the motion hearing that the court should have analyzed whether the more restrictive placement was still necessary at the time of the requested hearing—proposing that WIS. STAT. § 51.20(16), governing the reexamination of patients, applied to her petition to review the transfer.

¶8 At the hearing on the motion for reconsideration, the circuit court rejected Tiffany's arguments. The court observed that WIS. STAT. § 51.35(1) is very specific in that a court's review is only of a transfer, and such review is only appropriate when that transfer is to a more restrictive placement. The court stated that it had held a hearing reviewing the transfer at Tiffany's request, heard testimony, and made a ruling. In response to the court's questioning, Tiffany confirmed that no case law linked WIS. STAT. § 51.20(16) to the petition for the review of her transfer. The court concluded that it "doesn't even get into statutory interpretation unless there's an ambiguity, and when I look at this it talks about the transfer to a facility more restrictive, they have a right to review of that transfer,

and we've conducted that hearing." The court denied Tiffany's motion for reconsideration, and Tiffany now appeals.

## DISCUSSION

¶9     Tiffany concedes that a decision in this appeal might be moot because she is no longer in an inpatient treatment setting resulting from the June 4, 2020 transfer. We generally do not consider moot issues. *State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶3, 233 Wis. 2d 685, 608 N.W.2d 425. An issue is moot when its resolution will have no practical effect on the underlying controversy. *Id.*

¶10     The appealed order denied Tiffany's motion for reconsideration of an order approving her transfer to a more restrictive placement. Tiffany's commitment has since been extended, accompanied by new placement directions. Accordingly, we agree that this issue is moot because a decision on the appealed order would have no practical effect on Tiffany's current placement or otherwise impact her. Nevertheless, Tiffany argues that her appeal fits into several exceptions to the mootness doctrine. We may elect to address a moot issue if it falls within one of several established exceptions. *Portage Cnty. v. J.W.K.*, 2019 WI 54, ¶12, 386 Wis. 2d 672, 927 N.W.2d 509.

¶11     Tiffany first argues that her appeal is of great public importance because it involves the restriction of personal freedom, and that the interpretation of the relevant statutes will establish important procedures for challenging transfers to more restrictive placements. Closely related to the second point, she further contends that our resolution will avoid future uncertainty in this area.

¶12     We are not persuaded by any of these assertions.  While it is true that judicial review of an involuntary transfer to a more restrictive inpatient form of treatment affects important liberty interests, the analysis does not end with that proposition.   Here, Tiffany's liberty interests were protected.   The statute that Tiffany argues is insufficient—WIS. STAT. § 51.35(1)(e)—allowed for a judicial review of the transfer, such that Tiffany was provided adequate due process.   In particular, Tiffany received notice of the procedures by which she could petition to review her transfer, and she did so.   Tiffany then received a full hearing reviewing her transfer in addition to a hearing on her motion for reconsideration, all with an opportunity for her to provide evidence, call witnesses, and make arguments to the circuit court.   We further agree with the circuit court that asking courts to delve into statutory interpretation and link two statutes with no reference to one another or any legal authority connecting them—simply because Tiffany proposes that approach might provide a more procedurally structured review of her case—is not of paramount public importance.

¶13     Tiffany also argues that the legal issue raised by her appeal is capable and likely of repetition yet evades review because it is unlikely that appellate review could occur during the short period of time that an individual is subject to a transfer order.  Although it may be true that Tiffany was only subject to the transfer order at issue for a short time, this exception to the doctrine of mootness is limited to situations involving "a reasonable expectation that the same complaining party would be subjected to the same action again."  *See **J.W.K.***, 386 Wis. 2d 672, ¶30 (citations and emphases omitted).  Tiffany is no longer subject to inpatient commitment, and nothing in the record establishes the existence of a reasonable expectation that Tiffany will become the subject of another transfer order of this kind.  The fact that it might be difficult to achieve a review of a single

transfer order does not alone meet the criteria for the application of this exception. Additionally, given our above analysis that Tiffany has received due process and a fair review of her transfer order, there is not a compelling reason for this court to elect to consider the one-time transfer order and potentially upset the circuit court's reasoned decision.

¶14    Accordingly, we do not address the merits of Tiffany's appeal. Tiffany's appeal is moot, and no exceptions to the doctrine of mootness apply. We therefore affirm.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.