COURT OF APPEALS
DECISION
DATED AND FILED

May 8, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2195**

STATE OF WISCONSIN

Cir. Ct. No. **2023SC3738**

IN COURT OF APPEALS
DISTRICT II

---

MOUNT PLEASANT MANOR SENIOR HOUSING LIMITED PARTNERSHIP,

   PLAINTIFF-RESPONDENT,

 V.

MARY MACK,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Racine County: DAVID W. PAULSON, Judge. *Reversed and cause remanded.*

¶1      LAZAR, J.[1]  Mary Mack appeals from a judgment of the circuit court ordering her eviction from the apartment she leased from her landlord,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Mount Pleasant Manor Senior Housing Limited Partnership ("Mount Pleasant"). Because the circuit court failed to follow the statutory procedure for small claims actions by not allowing Mack to present arguments and evidence at her eviction hearing, the judgment is reversed and remanded.

¶2 Mount Pleasant filed an eviction complaint against Mack on October 16, 2023. Pursuant to the complaint, Mount Pleasant served Mack with a "30-Day Notice to Pay Rent or Vacate" on August 30, 2023, asserting that she owed rent payments from May, June, July, and August 2023 totaling $948. On the same day, Mount Pleasant served Mack with a "30-Day Notice to Correct Breach or Vacate" outlining several nonrent lease violations allegedly committed by Mack. Many of the additional facts alleged by the parties are disputed, not supported by the sparse Record before this court, or irrelevant to the issue at hand; they will not be recited here.

¶3 The circuit court conducted a hearing on the eviction action on November 6, 2023, the substantive entirety of which is reproduced below:

> THE COURT: … [I]s this an action for eviction still based on rent or something else?
>
> [MOUNT PLEASANT'S ATTORNEY]: This is an action based both on failure to pay rent and failure to cure breach. There were two 30-day notices issued, one was for the failure to pay rent, which still remains due and owing; the other was for non-rent breach of the lease, specifically some conduct issues, neither of which have been cured.
>
> THE COURT: All right. Ms. Mack, this is an action to have you evicted from the property. Are you planning to leave or what's the situation? Do you still owe rent?
>
> THE DEFENDANT: They refused my rent. And I have the paperwork and they did not submit all of the violations, so I would be asking for continuance so that I can submit all the violations that they have given me and the building code that they're violating.

THE COURT: So there's still rent due?

THE DEFENDANT: Yes. They will not receive any rental assistance or accept my rent. I have the sticky note and the original envelope that she sent it back to me.

THE COURT: So are you planning to move?

THE DEFENDANT: Pardon me?

THE COURT: Are you planning to move?

THE DEFENDANT: Well, I wanted to stay, but they refuse to take my rent.

THE COURT: Yeah, and they can do that if they do that after the notice is issued. They don't have to—

THE DEFENDANT: They refused to take it before they gave me a notice and they tried to evict me via video. And I have a building code where they're violating where they got a violation on my apartment back in March.

THE COURT: So rent is due for several months?

[MOUNT PLEASANT'S ATTORNEY]: That is correct, your Honor. And Housing Authority terminated the assistance. So now as of September 1st rent is the full market rent, not just the subsidized portion.

THE COURT: I will sign the writ…. The rent hasn't been paid and they're entitled to have you evicted at that point.

¶4 Mack appeals pro se, filing a brief that alludes to a retaliatory eviction and improper eviction procedures and asserting the "Judge failed to consider crucial evidence that was not submitted to the court."

¶5 Eviction actions are subject to the procedure for small claims actions. WIS. STAT. § 799.01(1)(a). Whether the statutes governing small claims actions were correctly applied to the facts is an issue this court reviews de novo. *See State v. P.G. Miron Constr. Co.*, 181 Wis. 2d 1045, 1052, 512 N.W.2d 499 (1994).

¶6     WISCONSIN STAT. § 799.209(1) states that, in any hearing under the small claims chapter, the court "shall conduct the proceeding informally, allowing each party to present arguments and proofs and to examine witnesses to the extent reasonably required for full and true disclosure of the facts." In this case, the transcript of the circuit court's hearing—which spans less than three pages—shows that the court did not arguably do this. Without accepting or reviewing any evidence whatsoever, it ignored Mack's contention that Mount Pleasant refused her payment of rent before providing her with any notice of breach or nonpayment and ignored her additional contention that she had proof of Mount Pleasant's violation of a building code (her reporting of which, she asserts on appeal, is a basis for her retaliatory eviction claim). The court stated that it would "sign the writ"—apparently based on nonpayment of rent—precluding Mack from raising any cognizable defense available in the law, including retaliatory eviction and improper notice. *See, e.g.*, **_Clark Oil & Refin. Corp. v. Leistikow_**, 69 Wis. 2d 226, 234-35, 230 N.W.2d 736 (1975) (listing retaliatory eviction and improper notice among the limited issues permissibly litigated in an eviction action).

¶7     On appeal, Mount Pleasant does not persuasively defend the order on the merits, although it suggests (a bit glibly) that Mack "failed to explain why she was unable to offer [her documentary evidence] at the November 6, 2023 hearing." Its more compelling argument is that this appeal is moot because the eviction is already completed and "there is no remedy the trial court could now grant."[2] This court concludes, however, that a tenant being denied the opportunity

---

[2] At the conclusion of her lengthy brief, Mack states that she "would … like the court to clear her from the eviction on her record and any debts owed due to the fact that [Mount Pleasant] refused her rent when she was trying to pay rent."

4

to contest a judgment of eviction is a situation that is "'likely of repetition and yet evades review' because the situation involved is one that typically is resolved before completion of the appellate process." *See* ***State ex rel. Olson v. Litscher***, 2000 WI App 61, ¶3, 233 Wis. 2d 685, 608 N.W.2d 425 (citation omitted). Moreover, a judgment of eviction may adversely affect an individual's credit history and ability to obtain housing in the future and, pursuant to statute, is not to be ordered or entered without the tenant having the opportunity to be heard by the court.

¶8      To be fair, the circuit court's failure to conduct a hearing in which the issues were aired to allow a full and true disclosure of the facts was a disservice to both parties. It is not Mount Pleasant's fault that the facts and legal issues were not fully developed six months ago. Nevertheless, for the foregoing reasons, the judgment of eviction is reversed and remanded for a new hearing and, if warranted, trial.

*By the Court.*—Judgment reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.